Filed 1/30/15  P. v. Townsend CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD TOWNSEND,<br><br>    Defendant and Appellant. | B256676<br><br>(Los Angeles County<br>Super. Ct. No. NA097445) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Tomson T. Ong, Judge.  Affirmed.

————

Jerome J. Haig, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————

An information, filed on December 20, 2013, charged Edward Townsend with inflicting corporal injury on his spouse (Pen. Code, § 273.5, subd. (a)); making criminal threats (Pen. Code, § 422, subd. (a)); and violating a protective order (Pen. Code, § 166, subd. (a)(4)). Another information, also filed on December 20, 2013, charged Townsend with the sale or transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)). Townsend waived his right to counsel and represented himself in both cases. After initially entering not guilty pleas, on January 13, 2014, Townsend withdrew those pleas and pleaded no contest to the four counts. On January 17, 2014, the trial court imposed a state prison sentence of six years eight months, consisting of the upper term of five years for inflicting corporal injury on his spouse, plus eight months (one-third the midterm) for making criminal threats and one year (one-third the midterm) for selling or transporting methamphetamine. It also imposed a one-year county jail term for violating a protective order. The court, however, suspended execution of sentence and placed Townsend on five years formal probation in both cases. As conditions of probation, the court directed Townsend to "obey all laws and orders of the court," "stay 100 yards away" from his wife and "obey the protective order issued in this or any other case." And it issued a new protective order, directing Townsend to stay 100 yards away from his wife and have no personal, electronic, telephonic or written contact with her.

On March 20, 2014, a felony complaint was filed against Townsend, again charging him with inflicting corporal injury on his spouse, making criminal threats and violating a protective order. Townsend's probation was preliminarily revoked, and a formal probation violation hearing, to be combined with a preliminary hearing on the felony complaint, was set for April 4, 2014. Townsend again waived his right to counsel and represented himself in the combined probation violation and preliminary hearing.

At that hearing, the People presented evidence that, on March 18, 2014, Townsend had poked his wife in her face and body, injuring her upper left lip, called her derogatory names and told her that if she called the police "he was going to chop [her] in pieces and send [her] all over the continent." Later that day, Townsend punched his wife's face and body. Townsend testified in his defense. He stated that, on March 18, 2014, his wife

2

yelled at him, asking for money to fix a vehicle, threatened to call the police if he did not give her the money and grabbed his hat off his head. According to Townsend, he did not "come in contact with [his wife]. She found out the car was broken down and came in contact with [him]." After hearing the evidence, the trial court found Townsend in violation of probation in both of the prior cases, revoked probation and executed the previously suspended sentence.[1] Townsend timely appealed.

We appointed counsel to represent Townsend in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On December 10, 2014, we directed counsel to immediately send the record on this appeal and a copy of the opening brief to Townsend and notified Townsend that within 30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We did not receive a response from him.

We have examined the entire record on appeal and determined that substantial evidence supports the trial court's decision to revoke probation. We may not reweigh that evidence. We are satisfied that Townsend's counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                      ROTHSCHILD, P. J.

We concur:


        CHANEY, J.                              JOHNSON, J.

---

[1]     The court also found the evidence sufficient for Townsend to answer on the new charges in the March 20, 2014 felony complaint.